
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Seavon Pierce,<br><br>    Petitioner,<br><br>v.<br><br>U.S. Attorney Kamala D. Harris *et al.*,<br><br>    Respondents. | Case: 1:15-cv-00071<br>Assigned To : Unassigned<br>Assign. Date : 1/15/2015<br>Description: Habeas Corpus/2241 |

## MEMORANDUM OPINION

Petitioner, proceeding *pro se*, is a California state prisoner incarcerated in Corcoran, California. He has submitted a document captioned "Habeas." The Court will grant the application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

The purported petition fails sorely to comply with the pleading requirements set forth at 28 U.S.C. § 2242 and Rule 2(c) of the Rules Governing Section 2254 Cases. To the extent that petitioner is challenging his conviction, federal court review of state convictions is available under 28 U.S.C. § 2254 after the exhaustion of state remedies. *See* 28 U.S.C. §2254(b)(1). Thereafter, "an application for a writ of habeas corpus [] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d).

To the extent that petitioner is seeking habeas relief under 28 U.S.C. § 2241, he must proceed in the district court capable of exercising personal jurisdiction over his warden. *See*

1



*Stokes v. U.S. Parole Com'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."); *Rooney v. Sec'y of Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005) (habeas "jurisdiction is proper only in the district in which the immediate . . . custodian is located") (internal citations and quotation marks omitted).

Because petitioner has no recourse in this Court under any of the applicable habeas provisions, this action will be dismissed. A separate Order accompanies this Memorandum Opinion.

DATE: January 13, 2015

United States District Judge